FILED
United States Court of Appeals
Tenth Circuit

**January 28, 2013**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TRAMAINE MONDALE BEADLES,

    Defendant-Appellant.

No. 12-3153
(D.C. No. 5:10-CR-40118-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

A jury convicted Appellant Tramaine Mondale Beadles of one count of

bank robbery by force, violence, or intimidation in violation of 18 U.S.C. §§ 2

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

and 2113(a). The district court sentenced him to a term of 210 months imprisonment, followed by three years supervised release, and ordered him to pay victim restitution. Mr. Beadles appeals his sentence, contending the district court committed plain error by conclusively determining his sentence prior to allowing him his right of allocution at the sentencing hearing. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

## I. Factual and Procedural Background

On December 7, 2010, a federal grand jury indicted Mr. Beadles on one count of robbing a bank by force, violence, or intimidation in violation of 18 U.S.C. §§ 2 and 2113(a). Following the government's presentation at trial of its evidence again him, Mr. Beadles sought a motion for judgment of acquittal on grounds the government failed to present sufficient evidence to support a conviction, which the district court took under advisement. Thereafter, Mr. Beadles set forth his defense, including his testimony asserting his accomplice coerced him into committing the robbery by making threats against him and his loved ones, which the jury rejected in convicting him.

Prior to sentencing, a probation officer prepared a presentence report based on the 2011 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), noting Mr. Beadles is a career criminal and calculating his total offense level at 32 and his criminal history category at VI, for a total recommended sentencing

range of 210 to 240 months imprisonment.[1]  Mr. Beadles did not file any objections to the presentence report.  At the sentencing hearing, the district court denied Mr. Beadles's motion for acquittal as well as his motion for judgment as a matter of law–both grounded on his assertion the government failed to provide sufficient evidence to meet its burden for conviction based on his coercion defense.  The district court also denied Mr. Beadles's *pro se* motion for a new trial, finding, in part, he provided "no newly-discovered evidence."

Following its rulings on these motions, the district court stated it would announce the proposed findings of fact and also stated twice it would announce a *"tentative* sentence."  It also explained it would "call for any statement or testimony that any of the victims of this crime would like to give the Court" and hear allocution from both Mr. Beadles's counsel and Mr. Beadles, noting such allocution was "his right."  It then explained the Guidelines range was 210 to 240 months imprisonment and stated:

> The Court's *tentative* sentence is 210 months, with no term of probation because of the custodial sentence.  Mr. Beadles would not be eligible for probation anyway under the [G]uidelines, although the statute allows for one to five years of probation.  The statute, though, with respect to supervised release, calls for not more than three years.  The [G]uidelines advise one to three years.  The Court *intends* to impose a three-year term of supervised release.

---

[1]  While the parties and district court state the recommended Guidelines range is 210 to 240 months imprisonment, our review of the 2011 Guidelines Sentencing Table shows the recommended range is 210 to 262 months.  However, this does not affect our disposition on appeal.

There will be no fine. The statute allows for up to $250,000. The [G]uidelines advise [$]17,500 to $175,000.

There will be restitution imposed, an order of restitution, in the amount of $12,815, per statute and [G]uidelines.

And also, a $100 special assessment per statute and [G]uidelines.

The Court *intends* to impose each of the mandatory and special conditions of supervision that are set forth ... in the presentence report.

The district court then discussed the circumstances presented in conjunction with the 18 U.S.C. § 3553(a) sentencing factors, including its belief a sentence of 210 months imprisonment was "sufficient, but not greater than necessary," to comply with the purposes of sentencing identified in that statute. At the conclusion of its discussion on the proposed sentence, it allowed the government to articulate any objections it had to the proposed sentence. In opposing the proposed 210-month sentence and arguing for a sentence of 240 months, the government suggested a longer sentence would better protect the public, given Mr. Beadles had robbed several other banks prior to the instant offense. It also provided the testimony of a bank manager on restitution and the emotional toll the robbery caused her and other employees as well as offered the statement of another bank employee affected by the robbery.

Following this evidence, the district court announced, as it earlier indicated, that it would hear from counsel and then Mr. Beadles. In his argument

-4-

to the district court, Mr. Beadles's counsel twice acknowledged a sentence of 210 months "would be an appropriate sentence," noting such a sentence would reflect mitigation for the coercion which caused him to commit the instant crime. Mr. Beadles then addressed the court, stating he would "like to apologize to all" of the bank employees and that he had not hidden anything from the agent who interviewed him about the robbery. With regard to information he provided authorities, he stated:

> And I still have not yet received any-any officer, anybody, coming to me and asking me am I all right. Is my family all right? I could have been killed all because I cooperated with you guys on my last case .... And it was just like if I didn't have nothing, that was it. I mean, it's like if I don't tell, you all don't want to do nothing for people. I told last time and they put me in this situation. That's all I have to say.

After Mr. Beadles's allocution, the district court imposed the sentence, explaining it had taken into account: (1) the fact Mr. Beadles is a career criminal who robbed multiple banks; (2) the victimization of the bank employees in the instant robbery who incurred emotional injury; (3) the fact the jury did not believe and rejected Mr. Beadles's coercion defense; and (4) his admission to robbing the bank and the limited information he provided which helped in the apprehension of his accomplice in the instant crime. After stating again that it had taken these circumstances into consideration, it announced it was sentencing Mr. Beadles at the low end of the Guidelines range to 210 months imprisonment and three years supervised release and ordered him to pay restitution in the

amount of $12,815.

## II.  Discussion

Mr. Beadles now appeals his sentence on grounds the district court committed plain error by effectively denying him a meaningful right of allocution when it formally decided and announced the length of his sentence prior to allowing him to make any statement.  In making this claim, Mr. Beadles asserts the district court decided the specific terms of his sentence and announced them in "seemingly conclusive" terms before offering him an opportunity to address the court, as evidenced by the fact the announcement of the sentence "interspersed a litany of definitive and conclusive sentencing terms among the 'tentative' ones." He also argues the district court's subsequent invitation for him to address the sentence did not "ameliorate" the error, given a reasonable person in his situation would have interpreted its conduct as suggesting he had no meaningful opportunity to influence his sentence through any statements to the court.  In support, he relies on our decision in *United States v. Landeros-Lopez*, 615 F.3d 1260 (10th Cir. 2010), where we found the district court violated a defendant's right to allocution when it made a "seemingly conclusive" announcement of sentence before offering him an opportunity to speak.  In making these assertions on his right to allocution, Mr. Beadles concedes he failed to raise them before the district court, and therefore, our standard of review is for plain error.  The government opposes the appeal, agreeing the standard of review is for plain error

-6-

and arguing the district court's announcement of the tentative sentence prior to allowing Mr. Beadles his right of allocution was neither definitive nor conclusive so as to communicate to him that he had no meaningful opportunity to influence the sentence when addressing the court during his right of allocution. We agree.

Because Mr. Beadles failed to raise the right of allocution issue before the district court, our standard of review is for plain error. *See United States v. Frost*, 684 F.3d 963, 979 (10th Cir. 2012). Plain error occurs when: (1) there is an error; (2) which is plain; (3) affecting the defendant's substantial rights; and (4) seriously affecting the fairness, integrity, or public reputation of the judicial proceeding. *See United States v. Barwig*, 568 F.3d 852, 855 (10th Cir. 2009). Under a plain error review, the burden is on the appellant to establish all four elements. *See United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). These elements are conjunctive, and only "[i]f all four prongs are satisfied, ... may [we] then exercise our discretion to notice the forfeited error." *United States v. Gonzalez Edeza*, 359 F.3d 1246, 1250 (10th Cir. 2004) (internal quotation marks omitted).

To establish an error as "plain," Mr. Beadles must establish the error was clear or obvious; to show the alleged error affected a substantial right, he must show the error was "prejudicial," so that the error "must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). Stated another way, he must show "a reasonable probability that, but

-7-

for the error claimed, the result of the proceeding would have been different." *Dominguez Benitez*, 542 U.S. at 81-82 (internal quotation marks omitted). As to the fourth prong, in order to show the error seriously affected the fairness, integrity, or public reputation of the judicial proceeding, Mr. Beadles must demonstrate that a failure to correct the alleged error would result in a "miscarriage of justice." *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005). One can establish such an error by demonstrating "a strong possibility of receiving a significantly lower sentence" absent the error. *United States v. Meacham*, 567 F.3d 1184, 1190 (10th Cir. 2009).

Having determined our standard of review, we turn to the legal principles at issue. Federal Rule of Criminal Procedure 32 requires, in part, that before imposing a sentence the trial court must: (1) provide the defendant's attorney an opportunity to speak on the defendant's behalf; (2) "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence"; (3) provide the government's attorney an opportunity to speak "equivalent to that of the defendant's attorney"; and (4) allow victims of the crime who are present at sentencing to be reasonably heard. *See* Fed. R. Crim. P. 32(i)(4)(A)(i)-(iii) and (B). In this instance, the district court complied with Rule 32 by allowing counsel, a victim in attendance, and Mr. Beadles to address the court.

-8-

As to the issue of whether Mr. Beadles received a meaningful right of allocution, we have explained that "[b]ecause allocution is vital to the sentencing process, denial of this right requires reversal of the sentence imposed." *Landeros-Lopez*, 615 F.3d at 1264 (relying on *Green v. United States*, 365 U.S. 301, 304 (1961)).  We have further held that:

> [i]f a court "definitively" announces a defendant's sentence before giving him a chance to speak, the court commits reversible error because it "effectively communicates to the defendant that his sentence has already been determined, and that he would not have a meaningful opportunity to influence that sentence through his statements to the court."

*Frost*, 684 F.3d at 979 (quoting *Landeros-Lopez*, 615 F.3d at 1268).  "Such error is generally not cured by the court's later remark that it merely intended to impose the sentence it announced."  *Id.* (internal quotation marks omitted). However, we have found no plain error where the trial court simply announces its intention to sentence a defendant within the Guidelines range prior to allowing the defendant his right to allocution.  *See United States v. Mendoza-Lopez*, 669 F.3d 1148, 1152 (10th Cir. 2012).  Moreover, even where an allocution error occurs, we have held such an error is "not automatically subject to reversal" under the fourth prong of the plain error analysis, because the "denial of the right of allocution is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure."  *Frost,* 684 F.3d at 979 (internal quotation marks omitted).

In *Landeros-Lopez*, on which Mr. Beadles relies, the sentencing court definitively announced, "*it is and will be* the judgment of this Court that the defendant ... is hereby committed to ... be imprisoned for a term of 115 months. Upon release from imprisonment this defendant *shall* be placed on supervised release for a term of five years ...." 615 F.3d at 1265. It then provided a description of the conditions of confinement and supervised release, explained to the defendant his right to appeal, and stated "[t]hat is the sentence the Court intends to impose in this matter," prior to asking, "[d]oes the defendant have anything to say before the Court imposes this sentence?" *Id.* Under these circumstances, we held Mr. Landeros-Lopez's "right of allocution was violated" because the sentencing court's conclusive statements and definitive announcement of the sentence to be imposed, prior to providing Mr. Landeros-Lopez an opportunity to speak, "prematurely adjudged his sentence" and "effectively communicated" to him "that his sentence had already been determined, and that he would not have a meaningful opportunity to influence that sentence through his statements to the court." *Id.* at 1268.

The circumstances in *Landeros-Lopez* are dissimilar to those presented here. In this case, prior to indicating what it proposed as a sentence term, the district court twice stated it would announce a *"tentative* sentence" and expressly stated it would receive evidence from the victims of the instant crime and hear from Mr. Beadles and his counsel, thereby indicating it intended to receive this

information prior to determining a final sentence. Prior to receiving such evidence or hearing from Mr. Beadles, it also announced its intent to sentence him within the Guidelines range, which we have previously held does not constitute plain error in denying a meaningful opportunity to be heard. *See Mendoza-Lopez*, 669 F.3d at 1152. In addition, after announcing what it intended to impose with regard to not only the length of imprisonment but also supervised release, fines, restitution, and special assessment, it permitted the government to provide any objections to them as well as to present victim evidence in support thereof, after which it allowed Mr. Beadles's attorney an opportunity to make similar objections to the proposed sentence, supervised release, and restitution amount. It then permitted Mr. Beadles an opportunity to address the court with respect to his sentence, and only then did it announce the final sentence imposed.

These circumstances clearly illustrate the district court did not predetermine the final sentence prior to Mr. Beadles's allocution but, instead, allowed the parties to object to the proposed sentence and provide argument in support of the sentence they advocated. Indeed, after listening to the government's objection and argument, as well as receiving its evidence on harm to the victims, it did not increase the sentence beyond the low end of the Guidelines range. Furthermore, in arguing the proposed 210-month sentence was

appropriate and reflected necessary mitigation of the sentence,[2] Mr. Beadles's counsel clearly attempted to counter the government's argument for a higher sentence. In addition, the district court addressed Mr. Beadles personally, announced he would be invited to speak to the "tentative" sentence, and allowed him to speak on that sentence, which also demonstrates the fact that Mr. Beadles had a meaningful opportunity to influence his sentence.

Moreover, in announcing the final sentence, it is evident the district court considered the parties' objections to the proposed sentence, the victims' statements, and Mr. Beadles's allocution, including his prior assistance to the government, when it stated it had considered: (1) that Mr. Beadles is a career criminal who robbed multiple banks (as argued by the government in objecting to the proposed sentence); (2) the victims' emotional injuries (as presented by the victims in their statement and testimony); (3) the fact the jury rejected Mr. Beadles's coercion defense (as raised by Mr. Beadles's counsel in requesting the proposed 210-month sentence and discussed by Mr. Beadles in his allocution); and (4) Mr. Beadles's admission to robbing the bank and the provision of information in the apprehension of his accomplice (as indicated in Mr. Beadles's

---

[2] We note Mr. Beadles's challenge to his 210-month sentence on appeal, after arguing for the proposed 210-month sentence at sentencing, is incredulous and akin to the "invited error doctrine," which precludes one from arguing the district court erred in adopting a proposition he previously urged it to adopt. *See United States v. Quaintance*, 608 F.3d 717, 721 n.2 (10th Cir. 2010); *United States v. Deberry*, 430 F.3d 1294, 1302 (10th Cir. 2005).

statements during his allocution that he cooperated with authorities).

Thus, in viewing the sentencing hearing as a whole, we cannot say "a public observer" would be left with the impression that Mr. Beadles did not have a meaningful opportunity to influence his sentence before the district court finalized it. *See Frost*, 684 F.3d at 981. As a result, no error occurred. However, even if the circumstances presented somehow constituted an error that was clear or obvious affecting a substantial right, Mr. Beadles has not shown the error seriously affected the fairness, integrity, or public reputation of the judicial proceeding, as required under the fourth prong of the plain error analysis. In other words, he has not shown a strong possibility that he would have received a significantly lower sentence, absent the alleged error. *See Meacham*, 567 F.3d at 1190. This is because Mr. Beadles fails to set forth any statement or other basis that would convince us the district court would have granted a lower sentence than it imposed had his right to allocution not been infringed, as claimed. *See Mendoza-Lopez*, 669 F.3d at 1153-54. Our conclusion is bolstered by the fact he received the very sentence he advocated at the sentencing hearing.

## III.  Conclusion

For the above reasons, we **AFFIRM** Mr. Beadles's sentence.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge