FILED
United States Court of Appeals
Tenth Circuit

**July 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TRAMAINE MONDALE BEADLES,

      Defendant - Appellant.

No. 16-3106
(D.C. No. 5:10-CR-40118-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Tramaine Beadles, proceeding pro se, appeals the district court's denial of his

motion for a new trial. Because this motion was actually an unauthorized second or

successive motion under 28 U.S.C. § 2255, we vacate the district court's order and

remand with instructions to dismiss for lack of jurisdiction.

**I**

After receiving an anonymous tip that Beadles had robbed a bank in Topeka,

Kansas, FBI agents conducted an interview of Beadles in which he confessed after

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

signing a waiver of his <u>Miranda</u> rights.  Beadles repeated his confession when testifying at trial.  He claimed that he was coerced into participating in the robbery through threats of violence to himself and his wife.  A jury convicted Beadles of bank robbery and he was sentenced to 210 months' imprisonment.

Prior to sentencing, Beadles filed a motion for a new trial based on newly discovered evidence pursuant to Fed. R. Crim. P. 33, which the district court denied. We affirmed Beadles' sentence on direct appeal.  <u>United States v. Beadles</u>, 508 F. App'x 807, 814 (10th Cir. 2013).  He then filed a § 2255 motion in the district court, which was also denied.

The instant appeal concerns a second Rule 33 motion filed by Beadles following the district court's denial of habeas relief.  Beadles claims the government violated his due process rights because it could not produce phone records of the anonymous tip.  He requested that the court vacate his conviction.  The district court denied the motion, concluding Beadles offered only speculative and conclusory claims of new evidence, which he claimed to have learned about from counsel prior to his initial Rule 33 motion.  After Beadles appealed, the government filed a motion for remand, asserting that Beadles' Rule 33 motion was actually a second or successive § 2255 motion over which the district court lacked jurisdiction as Beadles failed to receive authorization under § 2255(h).

**II**

A district court has jurisdiction to address the merits of a second or successive § 2255 motion only if the defendant first obtains authorization from a circuit court.

2

In re Lindsey, 582 F.3d 1173, 1174 (10th Cir. 2009) (per curiam). A motion "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" should be treated as a § 2255 motion. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006) (quotation omitted). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." Id. at 1149.

In his second motion for a new trial, Beadles seeks release from prison on the ground that his conviction was obtained in violation of the Constitution. He does not allege any newly discovered evidence that would justify a new trial, and admitted that the information forming the basis of his motion was disclosed to him prior to sentencing. We thus conclude his motion was actually an unauthorized second or successive § 2255 motion. See United States v. Evans, 224 F.3d 670, 674 (7th Cir. 2000) ("A defendant whose argument is not that newly discovered evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a motion under § 2255 . . . no matter what caption he puts on the document.").

To the extent Beadles attempts to pursue a fraud upon the court theory, our conclusion remains the same. "[A] motion alleging fraud on the court in the defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction." United States v. Baker, 718 F.3d 1204, 1207 (10th Cir. 2013). Because Beadles' attempt to collaterally attack his conviction renders his Rule 33 motion an

3

unauthorized second or successive § 2255 motion, the district court lacked jurisdiction to consider it.  In re Lindsey, 582 F.3d at 1174.

## III

We **GRANT** the government's motion to remand.[1]  The district court's order is **VACATED**.  We **REMAND** with instructions to dismiss the motion for lack of jurisdiction.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] In his response to the government's motion, Beadles requests a stay of these proceedings.  We deny that request.