FILED
United States Court of Appeals
Tenth Circuit

February 24, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SALVADOR MENDOZA-LOPEZ, also
known as Ramon Hernandez, also known
as Ramon Chavez-Gomez, also known as
Ramon Ramirez-Mendosa, also known as
Salvador Mendoza, also known as
Salvadore Mendoza-Lopez,

Defendant - Appellant.

No. 10-1499

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 1:10-CR-00011-MSK-1)**

---

O. Dean Sanderford, Research and Writing Specialist (Raymond P. Moore,
Federal Public Defender, Brian R. Leedy, Assistant Federal Public Defender, and
Barbara L. Costa, Research and Writing Specialist, on the brief), Denver,
Colorado, for Defendant - Appellant.

Andrew A. Vogt, Assistant United States Attorney (John F. Walsh, United States
Attorney, with him on the brief), Denver, Colorado, for Plaintiff - Appellee.

---

Before **KELLY**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I. Introduction

Salvador Mendoza-Lopez appeals his sentence, arguing the district court denied him his right of allocution. Applying the plain error standard of review, this court concludes the district court erred by inviting Mendoza-Lopez to speak only with respect to where within the Guidelines range the court should sentence him. This error, however, did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. Accordingly, exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **affirms** the sentence imposed by the district court.

## II. Background

Mendoza-Lopez pleaded guilty to one count of unlawful re-entry after removal. 8 U.S.C. § 1326(a). The Presentence Investigation Report ("PSR") calculated Mendoza-Lopez's total offense level at twenty-one and placed him in criminal history category V, resulting in an advisory Guidelines range of seventy to eighty-seven months. The PSR recommended a sentence of seventy months.

Mendoza-Lopez filed motions for departure and variance, seeking a sentence of forty months. He argued he qualified for a downward departure under U.S.S.G. § 4A1.3(b)(1) because criminal history category V over-represented the seriousness of his prior record. He argued he qualified for a variance primarily because a sixteen-level increase in his base offense level pursuant to U.S.S.G. § 2L1.2 was unwarranted as it was not the product of the Sentencing

Commission's expertise and institutional role. The PSR disagreed with Mendoza-Lopez's request for a downward departure but took no position on whether a variance was warranted. At sentencing, Mendoza-Lopez's counsel reiterated at length his arguments for a departure and variance. The district court, in a lengthy statement from the bench, denied both motions and accepted the PSR's recommended Guidelines range of seventy to eighty-seven months.

Immediately thereafter the court said: "It's the Court['s] intention to sentence within that Guideline range." It then invited both Mendoza-Lopez's counsel, and Mendoza-Lopez himself to address "where within that range this Court should sentence." Following these statements, Mendoza-Lopez's counsel reiterated his arguments for a departure and variance, asserting that an individualized analysis of the 18 U.S.C. § 3553(a) factors supported a sentence below the advisory Guidelines range. The court assured Mendoza-Lopez's counsel it had taken into account the § 3553(a) factors and would continue to do so "when it now imposes sentence within the Guideline range." The court then addressed Mendoza-Lopez, saying "you have the opportunity to address the Court now if you wish." Mendoza-Lopez said: "I would simply like to say that I apologize, I'm sorry for having come back. I'd like you to know that I have small children in Mexico who need me to support them by working. That's really all."

After Mendoza-Lopez's allocution, the government argued that a sentence within the advisory Guidelines range was appropriate and the PSR's

recommendation of seventy months was also appropriate. The government ultimately requested a sentence at the bottom of the Guidelines range. The district court sentenced Mendoza-Lopez to seventy months. The court stated that, in arriving at this sentence, it considered Mendoza-Lopez's previous removals and illegal reentries and other criminal offenses, the argument his counsel made for a variance, and that it was "sympathetic with the fact that the defendant has a wife and two small children that very much need him back home."

Mendoza-Lopez appeals his sentence, arguing the district court violated his right of allocution by definitively announcing its intention to impose a sentence within the advisory Guidelines range before inviting him to speak. He argues the district court effectively communicated to him that he would not have a meaningful opportunity to persuade the district court to consider a below-Guidelines sentence.

## III. Analysis

### A. Standard of Review

Both parties recognize that because Mendoza-Lopez did not object to the district court's alleged denial of his right of allocution, this court reviews for plain error. *See United States v. Rausch*, 638 F.3d 1296, 1299 & n.1 (10th Cir. 2011) (adopting the plain error standard of review for alleged violations of the right of allocution when the defendant failed to object below). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's

substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1299 (quotation and alteration omitted).

## B. Discussion

Before imposing sentence, the sentencing court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). This court has held the sentencing court "actually must take steps to communicate effectively to the defendant, that, through his statement, he has a meaningful opportunity to influence the sentence." *United States v. Landeros-Lopez*, 615 F. 3d 1260, 1266, 1268 (10th Cir. 2010) (quotation omitted). "Belatedly inviting the defendant to speak after announcing his sentence does not satisfy this standard, even if the sentence has yet to be formally imposed." *Id.* at 1266. In *Landeros-Lopez*, prior to inviting the defendant to allocute, the district court announced "*it is and will be* the judgment of this Court that the defendant . . . be imprisoned for a term of 115 months." *Id.* at 1265. The court also stated the defendant "*shall be* placed on supervised release for a term of five years." *Id.* This court noted that after making "these seemingly conclusive pronouncements, the court then described the conditions of confinement and supervised release, informed Landeros of his right to appeal, and stated: 'That is the sentence the Court intends to impose in this matter. Does the defendant have anything to say before the Court imposes this

-5-

sentence?'" *Id.* The defendant proceeded to allocute and the court filed a judgment imposing the sentence several days later. *Id.* at 1265-66. We held that the district court violated the defendant's right of allocution:

> By definitively announcing Landeros' sentence before providing him with an opportunity to speak on his own behalf, the district court prematurely adjudged his sentence. The court's conclusive statements effectively communicated to Landeros that his sentence had already been determined, and that he would not have a meaningful opportunity to influence that sentence through his statements to the court.

*Id.* at 1268. We also concluded "the court's later remark that it merely 'intended' to impose this sentence did not cure its initial error" because this statement "failed to indicate that the court would genuinely reconsider the adjudged sentence in light of any remarks made by the defendant." *Id.*

This court has also held that a defendant's right of allocution is violated if a district court indicates it is unwilling to listen to the statements or information a defendant wishes to offer in mitigation of his sentence. *United States v. Jarvi*, 537 F.3d 1256, 1261-62 (10th Cir. 2008). In *Jarvi*, the defendant filed a written *pro se* motion prior to sentencing, objecting to several recommendations made in the PSR which served to substantially increase his offense level. *Id.* at 1258. The district court, however, refused to consider the *pro se* motion because the defendant was represented by counsel. *Id.* At sentencing the court addressed the defendant, stating: "Keeping in mind that I'm not going to consider these pro se objections that you've made to the presentence report, are there any other aspects

of the presentence report that you would object to?" *Id.* at 1259 (alteration omitted). The defendant then twice attempted to present arguments made in his *pro se* motion. *Id.* Both times, however, the district court told the defendant it was "not going to listen" to those arguments. *Id.* This court noted that a defendant's right of allocution is "a broad right to 'present *any* information to mitigate the sentence.'" *Id.* at 1262 (quoting Fed. R. Crim. P. 32(i)(4)(A)(ii)). We observed that both times the defendant "attempted to speak to one of the issues he thought most relevant to his sentence," the district court told him it was not going to listen to arguments on that issue. *Id.* at 1261. The defendant, however, "evidently regarded the arguments in his motion as his best case for mitigating [his] sentence." *Id.* at 1262. Thus, "[b]y ordering him not to make those arguments, the [district court] . . . failed to 'permit the defendant to speak or present any information to mitigate the sentence,'" and therefore violated the defendant's right of allocution. *Id.* at 1261-62 (quoting Fed. R. Crim. P. 32(i)(4)(A)(ii)).

In support of this holding, we pointed to a Ninth Circuit case, which held that a defendant's right of allocution was denied "when the court invited him to speak, but only as to 'what would be the appropriate sentence within the Guidelines range.'" *Id.* at 1262 (alteration omitted) (quoting *United States v. Sarno*, 73 F.3d 1470, 1503-04 (9th Cir. 1995)). We stated: "If that was an error when the Sentencing Guidelines were mandatory, it is even more important now

that the Guidelines are advisory to allow the defendant an opportunity to argue for a variance from the Guidelines range." *Id.*

In this case, the court announced its "*intention* to sentence within [the] Guideline range" before it invited Mendoza-Lopez to allocute. Mendoza-Lopez argues that this statement, standing alone, is sufficient for this court to conclude the district court abridged his right of allocution. This statement is not conclusive like those made in *Landeros-Lopez*, where the court announced "*it is and will be* the judgment of this Court that the defendant . . . be imprisoned for a term of 115 months," and the defendant "*shall be* placed on supervised release for a term of five years." 615 F.3d at 1265. Thus, Mendoza-Lopez has not met his burden of showing the district court plainly erred by making this narrow statement of "intention." He has not shown the court, by its mere statement of intention, prematurely adjudged his sentence or communicated to him his sentence was predetermined and he had no meaningful opportunity to influence that sentence through his statements to the court. Indeed, in *Landeros-Lopez*, this court suggested it is not error for a district court to announce its mere intention to impose a particular sentence. *Id.* at 1268 (considering whether, despite the court's "conclusive statements" regarding sentence, its "later remark that it merely 'intended' to impose this sentence" cured the court's original error).

The district court did plainly err, however, by inviting Mendoza-Lopez to address only "where within [the Guidelines] range this Court should sentence."

-8-

This statement indicates the court was not willing to listen to any statements or information Mendoza-Lopez might wish to offer in support of a sentence below the advisory Guidelines range. Thus, the court violated Mendoza-Lopez's right of allocution by failing to permit him to "speak or present *any* information to mitigate the sentence." *See* Fed. R. Crim. P. 32(i)(4)(A)(ii) (emphasis added). Moreover, this error is plain in light of *Jarvi*. *See United States v. Thornburgh*, 645 F.3d 1197, 1208 (10th Cir. 2011) ("An error is plain if it is clear or obvious under current, well-settled law." (quotation omitted)).

With regard to the third prong of the plain error test, our prior precedent appears to "presume prejudice for allocution errors." *Rausch*, 638 F.3d at 1301 n.2. Even presuming Mendoza-Lopez's substantial rights were affected, however, he failed to show the district court's error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* ("We note . . . that establishing prejudice does not necessarily mean that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Indeed, the third and fourth prongs of plain-error review are independent inquiries." (quotation omitted)). This court has stated that denial of the right of allocution "'is not a fundamental defect which *inherently* results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.'" *Id.* at 1301 (emphasis added) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). In determining whether the fourth prong of the plain error

test is met, the seriousness of the error must be examined in the context of the case as a whole. *Johnson v. United States*, 520 U.S. 461, 469-70 (1997); *see also United States v. Young*, 470 U.S. 1, 16 (1985) ("[E]ach case necessarily turns on its own facts." (quotation omitted)). In this case, the district court's error did not result in a total denial of Mendoza-Lopez's right of allocution. The district court addressed Mendoza-Lopez personally, inviting him to speak or present information to mitigate his sentence. Mendoza-Lopez did so; he apologized for committing the offense and said that he had small children in Mexico who relied on him for support. Moreover, the record shows the court considered this mitigating information in arriving at Mendoza-Lopez's ultimate sentence of seventy months. On these particular facts, we are satisfied the district court's error in inviting Mendoza-Lopez to address only where within the advisory Guidelines range the court should sentence him does not seriously affect the fairness, integrity, or public reputation of the sentencing proceeding.

This case is distinguishable from both *Landeros-Lopez* and *Jarvi*, where this court remanded for resentencing after concluding the district court violated the defendant's right of allocution. Unlike in *Landeros-Lopez*, the district court in this case did not conclusively adjudge Mendoza-Lopez's sentence prior to allocution so as to leave the impression anything Mendoza-Lopez said would be disregarded out of hand. *See Landeros-Lopez*, 615 F.3d at 1267-68. Further, while similar to the error in *Jarvi*, the error in this case does not warrant remand

-10-

for resentencing.  In *Jarvi*, this court did not decide whether the fourth prong of the plain error test was met because we did not apply the plain error standard of review.  *See Rausch*, 638 F.3d at 1299 n.1 (noting that, as of 2011, this court had not yet expressly adopted a standard of review for alleged violations of the right of allocution when the defendant failed to object below).  Moreover, unlike in *Jarvi*, the district court in this case did not expressly forbid Mendoza-Lopez from speaking or presenting any mitigating information, much less order him not to make arguments he regarded as his "best case" for mitigating his sentence.  *See Jarvi*, 537 F.3d at 1261-62.  Additionally, in *Jarvi*, we noted the defendant's objections to the PSR's recommendations regarding his base offense level essentially went unheard because the district court not only refused to consider the defendant's *pro se* motions but also refused to hear arguments in support of those objections via the defendant's allocution.  *See id.* at 1262 ("Mr. Jarvi is entitled to have considered—at least once—his arguments for mitigation of his sentence under 18 U.S.C. § 3553(a).").  In contrast, the district court in this case heard and carefully considered Mendoza-Lopez's arguments for a downward departure and variance.

Our conclusion is also supported by Mendoza-Lopez's failure to either set forth what he would have said to the district court prior to sentencing that might have mitigated his sentence or show some objective basis that would have moved the trial court to grant a lower sentence.  *See Rausch*, 638 F.3d at 1302; *United*

*States v. Meacham*, 567 F.3d 1184, 1190 (10th Cir. 2009); *see also United States v. Magwood*, 445 F.3d 826, 830 (5th Cir. 2006) ("[D]efendants have to show some basis that would have moved the trial court to grant a lower sentence; otherwise, it can hardly be said that a miscarriage of justice has occurred." (quotation omitted)).

**IV. Conclusion**

We are not persuaded the error in this case, when examined in the context of the record as a whole, was "particularly egregious" or that failure to correct it would result in a "miscarriage of justice." *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 736-37 (10th Cir. 2005). We therefore **affirm** Mendoza-Lopez's sentence.