**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMIE DURELL LAKE,

Defendant-Appellant.

No. 11-1210
(D.C. No. 1:10-CR-00325-CMA-1)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **GORSUCH**, **SEYMOUR**, and **MATHESON,** Circuit Judges.

Jamie Durell Lake pled guilty to one count of making interstate threatening communications, in violation of 18 U.S.C. § 875(c), and one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250. On appeal, Mr. Lake argues the district court denied him his right to speak at sentencing regarding the court's decision to impose sex offender treatment as a special condition of supervised release. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Lake was indicted on one count of interstate stalking, in violation of 18 U.S.C. § 2261A(2), four counts of making interstate threatening communications, in violation of 18 U.S.C. § 875(c), one count of interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(1), and one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250. When he pled guilty to two counts, the parties stipulated to a sentence of 120 months in prison, followed by a 3-year term of supervised release. The probation office filed a presentence report in which it recommended as special conditions of supervised release that the district court order Mr. Lake to participate in drug testing and treatment, mental health treatment, and sexual offender evaluation and treatment. Mr. Lake filed a sentencing statement expressly opposing the imposition of sex offender treatment as a special condition.

At sentencing, the district court stated it would sentence Mr. Lake to 120 months imprisonment and three years of supervised release, consistent with the plea agreement. Turning to the subject of special conditions for supervised release, the court acknowledged Mr. Lake's objection to sex offender treatment. After stating its intention to impose this condition, the court explicitly told Mr. Lake's counsel that he could try to change its mind. In so doing, the court explained:

> It is particularly concerning to me that the defendant has been found guilty of two sexual assaults, the first adjudication when he was only 16 . . . . The second occurred when he was 29, and that was for nine

counts of second degree sexual assault . . . .

In addition, based on the statements given by the victim in this case, and [Mr. Lake's ex-wife, another victim], it appears to this [c]ourt that Mr. Lake is a danger to society in general, but, in particular, to women.  And that he is in great need of not only sex offender treatment, but substance abuse and mental health treatment.

Therefore, based on the nature and circumstances of this offense, the history and characteristics of this particular defendant, I believe that sex offender treatment, substance abuse treatment, and mental health treatment, which are all special conditions of supervised release recommended by the probation office, do not constitute a greater deprivation of liberty than is reasonably necessary to accomplish the goals of sentencing, and it is my *intent* to impose all of the recommended special conditions of supervised release, including sex offender treatment.

*With that being stated, [counsel for Mr. Lake], you may make any argument you wish for the record in an attempt to persuade me otherwise.*

Rec., vol. II at 49-50 (emphasis added).

Mr. Lake's counsel argued the imposition of sex offender treatment during supervised release was not reasonably related to the sentencing factors set out in 18 U.S.C. § 3553(a) and would "involve a greater deprivation of liberty than reasonably necessary under those factors."  *Id*. at 50.  He contended the anticipated prison term of 120 months would achieve deterrence, protect the public, and provide Mr. Lake with opportunities to receive correctional treatment.

After the government argued in favor of including sex offender treatment, the district court asked defendant: "Mr. Lake, do you wish to make a statement to the [c]ourt on your own behalf before I impose a sentence?"  *Id*. at 51.  In response, Mr. Lake apologized for earlier sexual assault convictions as well as for

the present convictions and raised concerns regarding the impact of sexual offender registration laws on his efforts to obtain employment. He did not address the district court's intention to impose sex offender treatment as a special condition during supervised release. Following Mr. Lake's allocution, the court sentenced him to 120 months imprisonment and three years of supervised release and ordered him to participate in and successfully complete sex offender evaluation and treatment, among other special conditions of supervised release.

Mr. Lake contends the district court denied him his right to allocution regarding its decision to impose sex offender treatment because it announced its intention to impose that condition before inviting him to speak. Because Mr. Lake did not object to the district court's alleged denial of his right to allocution, we review only for plain error. *See United States v. Rausch*, 638 F.3d 1296, 1299 & n.1 (10th Cir. 2011) ("[A] defendant who fails to object to the district court's procedures regarding the right of allocution must demonstrate plain error to warrant reversal on appeal."). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects [the defendant's] substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 1299-1300 (alteration in original) (internal quotation marks omitted). Mr. Lake bears the burden of establishing the elements of plain error. *See United States v. Gonzales*, 558 F.3d 1193, 1199 (10th Cir. 2009).

Under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), a district court

-4-

must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence" before imposing a sentence. In *United States v. Landeros-Lopez*, 615 F.3d 1260 (10th Cir. 2010), we held that a district court denied the defendant's right to allocution where, prior to allocution, it made a series of "seemingly conclusive pronouncements," *id*. at 1265, regarding the sentence it would impose. The district court there stated:

> "Pursuant to the Sentencing Reform Act of 1984 and those factors set forth in [18 U.S.C. § 3553(a)], *it is and will be* the judgment of this [c]ourt that the defendant . . . is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 115 months.
> Upon release from imprisonment this defendant *shall* be placed on supervised release for a term of five years . . . ."

*Id*. (quoting sentencing hearing and adding emphasis). The district court then described the conditions of confinement and supervised release and informed the defendant of his right to appeal. *Id*. Finally, having made these pronouncements, the court stated: "'That is the sentence the [c]ourt intends to impose in this matter. Does the defendant have anything to say before the [c]ourt imposes this sentence?'" *Id*. (quoting sentencing hearing). Following the defendant's statement, the district court concluded the hearing without formally imposing a sentence. Six days later, the court issued a judgment imposing a sentence of 115 months' imprisonment. *Id*.

We concluded in *Landeros-Lopez* that the district court denied the defendant's right to allocution because it had "definitively announc[ed] [his]

sentence before providing him with an opportunity to speak on his own behalf," thereby "prematurely adjudg[ing] his sentence." *Id*. at 1268. We explained that "the court's *conclusive statements* effectively communicated to [the defendant] that his sentence had already been determined, and that he would not have a meaningful opportunity to influence that sentence through his statements to the court." *Id*. (emphasis added). We also reasoned that "the court's later remark that it merely 'intended' to impose this sentence did not cure its initial error," because the court offered no indication that it would reconsider its sentence in light of the defendant's statements, meaning that the defendant's allocution was reduced to a mere formality. *Id*.

In *United States v. Mendoza-Lopez*, 669 F.3d 1148, ___, 2012 WL 593153, at *3 (10th Cir. 2012), however, we distinguished *Landeros-Lopez* and held that the district court did not commit plain error by announcing its "intention" to impose a particular sentence before inviting the defendant to allocute. We explained that this statement, by itself, was not conclusive like the statements made in *Landeros-Lopez*, nor did the defendant show that the district court had "prematurely adjudged his sentence or communicated to him his sentence was predetermined." *Id*.[1]

_____

[1] In contrast, we held in *Mendoza-Lopez* that the district court did plainly err when it invited the defendant to address only where within the advisory guidelines range he should be sentenced, because this limitation indicated the court was not willing to listen to any statements the defendant might have made

Our holding in *Mendoza-Lopez* governs the issue presented here, where the district court merely stated its intent to impose sex offender treatment as a special condition of supervised release. The court did not definitively announce sex offender treatment as a special condition, nor did its statement of intent suggest to Mr. Lake "that he would not have a meaningful opportunity to influence that sentence through his statements to the court." *Landeros-Lopez*, 615 F.3d at 1268. Indeed, the court specifically told Mr. Lake's counsel he could make any argument he wished in order to persuade the court to change its mind, and thereafter asked Mr. Lake whether he "wish[ed] to make a statement to the [c]ourt on your own behalf before I impose sentence." Rec., vol. II at 51. It was only thereafter that the court sentenced Mr. Lake and imposed the special sex offender conditions to his supervised release term. Under these circumstances, we are not persuaded the district court plainly erred.

Accordingly, we AFFIRM.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

seeking a sentence below the advisory guideline range. *See* 669 F.3d at ___, 2012 WL 593153, at *4.