**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RICARDO FRANCISCO
RODRIGUEZ-HERNANDEZ,

      Defendant - Appellant.

No. 11-4147

(D. Utah)

(D.C. No. 2:09-CR-00836-CW-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

Defendant Ricardo Francisco Rodriguez-Hernandez pleaded guilty to one

count of possession with intent to distribute 500 grams or more of a mixture or

substance containing methamphetamine. *See* 21 U.S.C. § 841(a)(1). The United

States District Court for the District of Utah sentenced him to 96 months'

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, followed by 60 months of supervised release. Defendant timely appealed.

Discerning no meritorious issues for appeal, defense counsel submitted an *Anders* brief and a motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). As required by *Anders*, Defendant was provided with a copy of the brief and the clerk of this court sent him a letter informing him that he could respond with any meritorious arguments within 30 days. *See id.* at 744 (defendant must be given a copy of the *Anders* brief and provided time to respond). Defendant never responded. Believing the appeal to be wholly frivolous, the United States chose not to submit a brief. We have jurisdiction under 28 U.S.C. § 1291. After independently examining the record, we agree with defense counsel that there are no nonfrivolous grounds for appeal. Accordingly, we grant the motion for leave to withdraw and dismiss the appeal.

## I.      DISCUSSION

Defense counsel raises two issues that might arguably support an appeal. Both are frivolous. First, because the district court provided Defendant with the right to speak before adjudging the sentence, it did not deny him his right to allocute. *See United States v. Mendoza-Lopez*, 669 F.3d 1148, 1152 (10th Cir. 2012). Second, we cannot review any ineffective-assistance-of-counsel claim because there are no special circumstances warranting departure from our general

rule that such claims should not be considered on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240–41 (10th Cir. 1995) (en banc).

We find no other nonfrivolous basis for appeal in the record. The district court did not err in accepting Defendant's guilty plea. Defendant signed a plea agreement that informed him of the elements of his offense and the maximum possible penalty. In it he admitted the underlying facts and stated that he entered into the plea only "after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea." R., Vol. 1 at 21. At the plea hearing Defendant testified that he understood the plea agreement and the charges against him. Before accepting the plea, the district court confirmed the factual basis of the plea, instructed Defendant that the maximum penalty was life imprisonment, and otherwise adequately ensured the "plea was knowing, intelligent, and voluntary," *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998).

Also, the district court accurately calculated the Guidelines range and imposed a reasonable sentence. Defendant admitted that he possessed 873.7 grams of actual methamphetamine, so his base offense level was 36. *See* USSG § 2D1.1(c)(2) (2010). That level was decreased by two levels because he met the criteria in § 5C1.2(a) (which are identical to those in 18 U.S.C. § 3553(f)(1)–(5)), *see id.* § 2D1.1(b)(11), and by three additional levels because of his acceptance of responsibility, *see id.* § 3E1.1, resulting in a total offense level of 31. Defendant

requested an offense-level reduction for minor or minimal participation. *See*

§ 3B1.2. But the court did not clearly err in finding that he had not established

eligibility for the reduction. With a criminal-history score of zero, Defendant had

a criminal-history category of I, *see id.* § 5A, resulting in a Guidelines range of

108 to 135 months, *see id.* Although the statutory minimum sentence for

Defendant's offense is 120 months, *see* 21 U.S.C. § 841(b)(1)(A), the district

court was required to impose a sentence without regard to the statutory minimum

because Defendant met the criteria set forth in 18 U.S.C. § 3553(f)(1)–(5). *See*

*also* USSG § 5C1.2(a). Based on "the nature and circumstances of the offense"

and Defendant's "history and characteristics," 18 U.S.C. § 3553(a)(1), the district

court varied downward from the Guidelines range, imposing a sentence of 96

months. Because the district court correctly calculated the Guidelines range and

imposed a sentence below it, Defendant's sentence is presumptively reasonable,

*see United States v. Damato*, 672 F.3d 832, 848 (10th Cir. 2012), and nothing in

the record suggests that the presumption could be overcome.

## II.    CONCLUSION

We GRANT the motion for leave to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge


-4-