LUCERO, Circuit Judge,
concurring in part and dissenting in part.
I concur in all but Section II.C of the majority opinion, in which my colleagues hold the district court’s failure to provide Bustamante-Conchas an opportunity to al-locute at his sentencing hearing did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. (Majority Op. 1185-86.) In my view, the fourth prong of the plain error test is satisfied when, absent extraordinary circumstance, a district court wholly neglects its duty to permit allocution. This much is required by our circuit precedent.
The right to allocute is not a mere formality. Prior to sentencing a defendant to a term of imprisonment, we require that a sentencing judge “address the defendant personally in order to permit the defendant to speak.” Fed. R. Crim. P. 32(i)(4)(A)(ii). This requirement “gives the defendant an opportunity to apologize and express remorse, supplies a forum in which defendants may challenge societal injustice, and may provide answers to victims’ questions regarding the crime.” United States v. Landeros-Lopez, 615 F.3d 1260, 1267 n.7 (10th Cir. 2010). “Providing a defendant with a meaningful opportunity to speak on his own behalf advances the public perception of fairness.” Id. at 1267. In allowing a defendant to face his judge as an individual, we provide an opportunity *1187 for a one-to-one conversation at the critical sentencing stage.
We have previously held a district court plainly errs when a defendant is permitted to speak only after his sentence is definitively announced. Id. at 1265-66 & n.4. In that case, we concluded the fourth prong of the plain error test was satisfied because “a sentencing court undermines its own legitimacy when it invites a defendant to speak only after making clear that his sentence is a foregone conclusion.” Id. at 1267. Such a procedure violates the Supreme Court’s mandate that a sentencing judge must “leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.” Id. at 1266-67 (quoting Green v. United States, 365 U.S. 301, 305, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) (plurality opinion)). “As early as 1689, it was recognized that the court’s failure to ask the defendant if he had anything to say before sentence was imposed required reversal.” Green, 365 U.S. at 304, 81 S.Ct. 653.
If a district court’s failure to permit allocution before sentencing seriously affects the fairness, integrity, or public reputation of judicial proceedings, a fortiori, a court’s failure to permit any allocution at all constitutes reversible error. In both scenarios, the purpose of allocution remains unfulfilled because a defendant has not had the opportunity to “present to the court his plea in mitigation.” Id. Landeros-Lopez is dispositive of the issue before us.
To be sure, our circuit precedent decrees that an allocution error is not necessarily error per se and therefore plain, but in each of the cases in which we have excused an allocution error, the defendant was provided a meaningful opportunity to address the court personally at some point in the sentencing proceedings. See United States v. Frost, 684 F.3d 963, 979-80 (10th Cir. 2012) (defendant invited to alloeute after announcement of a “proposed sen-tenee,” giving defendant “an opportunity to influence the sentence imposed”); United States v. Mendoza-Lopez, 669 F.3d 1148, 1152-54 (10th Cir. 2012) (defendant invited to alloeute on limited subject after court announced intention to sentence within Guidelines, but “heard and carefully considered Mendoza-Lopez’s arguments for a downward departure and variance”); United States v. Rausch, 638 F.3d 1296, 1301 (10th Cir. 2011) (defendant’s supervised release revoked without allocution, but court warned of particular consequences of violation at priof hearings and “personally invited Mr. Rausch to speak in mitigation of sentence” at prior hearing). But that is not the situation in this case. Bustamante-Conchas was never offered the chance to speak at his own sentencing hearing.
The majority notes that Bustamante-Conchas received a below-Guidelines sentence. (Majority Op. 1186.) But this factor cannot be dispositive; the defendant in Landeros-Lopez also received a downwardly variant sentence. 615 F.3d at 1262. The majority also faults Bustamante-Con-chas for failing to proffer a proposed allo-cution to this court. (Majority Op. 1186.) Yet no such proffer was hinted at in Landeros-Lopez. And the majority notes that counsel spoke on behalf of Busta-mante-Conchas during the sentencing hearing. But as the Supreme Court has recognized, even “[t]he miost persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak' for himself.” Green, 365 U.S. at 304, 81 S.Ct. 653. Permitting counsel to speak is not a sufficient substitute for allocution.
I agree with the Seventh Circuit that “in the vast majority of cases, the denial of the right to allocution is the kiijid of error that undermines the fairness of the judicial process.” United States v. Luepke, 495 F.3d *1188 443, 451 (7th Cir. 2007). Our court has recognized one exception: “Where the court personally invites the defendant to present information to mitigate his sentence, and the defendant in fact does so, fairness is not seriously affected, notwithstanding the presumption of prejudice.” Frost, 684 F.3d at 980. But the failure to afford a defendant any opportunity to address the court, even a defendant who is ultimately sentenced below the Guidelines range, seriously affects the fairness, integrity, or public reputation of the judicial proceedings. I would reverse and remand to the district court to allow Bustamante-Conchas an opportunity to allocute before resentencing.