*1145 TYMKOVICH, C.J.,
dissenting, joined by HARTZ, J., HOLMES, J., and PHILLIPS, J.
This case requires us to consider the application of the plain error standard of review to the denial of a defendant’s right of allocution. I agree with the majority that an allocution error reviewed for plain error does not automatically result in reversal. I write separately to clarify the proper allocation of the burden for the third and fourth prongs of the plain error test. And, unlike the majority, I would hold Bustamante-Conchas is not entitled to relief here, because he fails to meet his burden of establishing the district court’s allocution error affected his substantial rights, or that the error seriously affected the fairness, integrity, or public reputation of the sentencing proceedings.
Therefore, I respectfully dissent.
[[Image here]]
“[Djenial of the right to allocution ‘is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.’ ” United States v. Rausch, 638 F.3d 1296, 1301 (10th Cir. 2011) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). Instead, a defendant seeking reversal of an allocution error that he failed to raise in the district court must establish “there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.” United States v. Hinson, 585 F.3d 1328, 1333 (10th Cir. 2009). Like the majority, I discuss only the third and fourth prongs of the plain error test, as the first two prongs are not at issue in this appeal.
It is the defendant who bears the burden of meeting the plain error test. See United States v. Vonn, 535 U.S. 55, 62-63, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); United States v. Olano, 507 U.S. 725, 734-35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). And to satisfy the third prong of plain error, the defendant must show the error affected his substantial rights — in other words, he must demonstrate the error affected the outcome of the district court proceedings. United States v. Gonzalez-Huerta, 403 F.3d 727, 732-33 (10th Cir. 2005) (en banc). In particular, the defendant “must show ‘a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.’ ” See id. at 733 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 124, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (alterations incorporated)).
Notwithstanding these well settled principles, the majority effectively shifts the burden to the government by recognizing a de facto presumption of prejudice for allocution errors any time the possibility remains a defendant could have received a lower sentence but for the alleged error. That is, under the majority’s approach, a defendant like Bustamante-Conchas who receives a below-guidelines sentence that is still above the statutory mandatory minimum satisfies the third prong of plain error simply because he might have received a lesser sentence. The majority does not require the defendant to make any specific showing of a reasonable probability he would have received a lower sentence absent the error. In doing so, the majority “relieves [the defendant] of his burden of proving prejudice” in what is likely the vast majority of cases and im-permissibly flips the plain error standard on its head. See United States v. Cole, 27 F.3d 996, 1001 (4th Cir. 1994) (Luttig, J., dissenting); see also United States v. Reyna, 358 F.3d 344, 354 (5th Cir. 2004) (en banc) (Jones, J., concurring) (“By adopting a ‘presumed prejudice’ approach to the *1146 unobjected-to denial of allocution in the trial court, this court has effectively shifted a significant portion of the burden of proving plain error from the defendant.”).
. We have previously rejected a presumption of prejudice. On plain error review, the defendant bears the burden of showing, “based on the record on appeal, that the error affected his substantial rights”— namely, resulted in cognizable, not hypothetical, prejudice. Gonzalez-Huerta, 403 F.3d at 733. And the defendant must carry this burden “even when the underlying error is constitutional — as is not the case here.” Id. (analyzing non-constitutional Booker error). Thus, the Supreme Court has consistently required criminal defendants to bear the burden of establishing plain error, even in the context of Rule ll’s statute-like requirement that the court ensure a guilty plea is voluntary — a rule which, unlike the right of allocution, has significant constitutional underpinnings. See Vonn, 535 U.S. at 59, 67, 122 S.Ct. 1043; see also Reyna, 358 F.3d at 354-55 (Jones, J., concurring) (“I agree that a defendant’s right of allocution is important, but can it be more important than the right to enter a voluntary guilty plea, which was in Vonn held subject to plain-error review without presumed prejudice?”).
This burden cannot and should not be shifted to the government. We have previously characterized the allocation of the burden on plain error review as “one of the essential characteristics distinguishing plain error from harmless error.” Gonzalez-Huerta, 403 F.3d at 736; see also Reyna, 358 F.3d at 354 (Jones, J., concurring) (“Justice Souter’s opinion in Vonn expressly distinguishes between harmless error and plain error review based on which party bears the burden to prove that a violation of a defendant’s substantial rights has taken place.”). And we have stated, “[sjhifting the burden to the appellee would seriously blur this distinction and would be inconsistent with our precedent.” Gonzalez-Huerta, 403 F.3d at 736. Accordingly, we have expressly rejected a presumption of prejudice in other contexts, such as non-constitutional Booker error raised for the first time on appeal. See id. (“[W]e do not adopt the ... burden-shifting approach and hold that [the defendant] bears the burden to establish by a reasonable probability based upon the record on appeal that his substantial rights were affected by the District Court’s mandatory application of the Guidelines.”). Because I can discern no reason to depart from our precedents, I decline to join the majority in recognizing a de facto presumption of prejudice for allocution errors reviewed for plain error.
Without the benefit of the majority’s burden-shifting approach, Bustamante-Conchas cannot satisfy the third prong of the plain error test, because he fails to provide the court any indication he would have received a lower sentence had he been permitted to allocute. Instead, he argues prejudice should be presumed for the denial of a defendant’s right of allocution, either in every circumstance or when there is some possibility a defendant could have received a lesser sentence if he had been permitted to allocute. These arguments amount to speculation at best. It is far from clear the denial of the right of allocution always results in a harsher sentence or that it did so here. In fact, “many defendants may incriminate themselves further by speaking up at sentencing.” Reyna, 358 F.3d at 355 (Jones, J., concurring). And, in this case, the district court heard and considered extensive personal-history evidence regarding, among other things, Bustamante-Conchas’s unstable childhood, substance abuse issues, and the death of his first child. Surely if there was something else that might have materially *1147 affected the district court’s sentencing decision, Bustamante-Conchas would have brought it to our attention on appeal. But since Bustamante-Conchas has not shown there was a reasonable probability his sentence would have been lower absent the allocution error, I would hold he cannot meet his burden of establishing prejudice.
The majority likewise impermissibly shifts the burden to the government on the fourth prong of plain error by adopting a rule that, “absent some extraordinary circumstance,” a defendant meets his burden if he is completely denied the opportunity to allocute at his original sentencing hearing. (Maj. Op. at 1133-34). “Under the fourth prong of plain-error review, a court may exercise its' discretion to notice a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Gonzalez-Huerta, 403 F.3d at 736. Thus, we “will not notice a non-constitutional error, such as the one in the case before us, unless it is both ‘particularly egregious’ and our failure to notice the error would result in a ‘miscarriage of justice.’ ” Id. (quoting United States v. Gilkey, 118 F.3d 702, 704 (10th Cir. 1997)). “This is a demanding standard, and of course, depends on the facts of the particular case.” Gonzalez-Huerta, 403 F.3d at 737. Accordingly, we have generally held reversal is warranted “only in those rare cases in which core notions of justice are offended.” Id. at 739. In making this determination, we examine “the seriousness of the error ... in the context of the case as a whole.” United States v. Mendoza-Lopez, 669 F.3d 1148, 1153 (10th Cir. 2012).
The majority recognizes that “[t]he fourth prong is meant to be applied on a case-specific and fact-intensive basis.” (Maj. Op. at 1141) (quoting Puckett v. United States, 556 U.S. 129, 142, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009)). Nevertheless, it adopts a de facto presumption that a complete denial of allocution at a defen-. dant’s original sentencing hearing automatically satisfies the fourth prong of plain error, absent extraordinary circumstances. But as we have previously recognized, “the Supreme Court has never shifted the blin-den to the appellee to establish that the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.” Gonzalez-Huerta, 403 F.3d at 737. The majority does exactly that by requiring the government to meet a newly framed extraordinary circumstances test.
I would instead follow the Fifth Circuit’s approach. from United States v. Reyna, where the en banc court emphasized that the fourth prong of the plain-error test is a fact-specific, contextual inquiry. The court thus held it would “conduct a thorough review of the record to determine if [it] should exercise [its] discretion to correct the [allocution] error.” 358 F.3d at 353. The court recognized that the class of' cases where an allocution error does not violate the fourth prong of plain error may be limited, id. but it did not relieve the defendant of his burden, as the majority does today.
And considering the district court’s error in the context of this case as a whole, I cannot agree with the majority that Busta-mante-Conchas has demonstrated the district court’s error was particularly egregious or affected the public reputation of the sentencing proceeding. The district court heard arguments regarding Busta-mante-Conchas’s defenses, and it considered his request for a low-end sentence, which was supported by numerous letters from Bustamante-Conchas’s family and friends. At the hearing, the court invited the parties to comment on the sentence multiple times. And after considering such arguments, the district court imposed a sentence well below Bustamante-Con-chas’s advisory guidelines range, varying *1148 downward from a range of 292-365 months to a sentence of 240 months.
Like the majority, I would not require defendants to proffer a proposed allocution statement. But I would at least ask defendants to direct the court to something the defendant’s allocution could have corrected. For example, a defendant could advise us that his lawyer forgot to plead for mercy, or failed to raise family issues, or mention an unstructured childhood as grounds for a lighter sentence. Yet Bustamante-Conchas does not direct us to any additional information he would have provided to the district court had he been given the opportunity to allocute, nor does he explain why a reasonable public observer would have been left with the impression the sentencing proceedings were unfair or lacked legitimacy. On this record, I cannot agree with the majority that the district court’s denial of allocution offended core notions of justice.
* * *
In sum, I would not relieve a defendant who raises an allocution error for the first time on appeal of his burden of showing there was a reasonable probability he would have received a different sentence but for the error and the error undermined the fairness and public reputation of the sentencing proceedings. And because I would find the district court’s failure to permit Bustamante-Conchas to allocute did not rise to the level of plain error in this case, I would not remand for resen-tencing.