NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

18-3264
_____

UNITED STATES OF AMERICA

v.

NICHOLAS MASON,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-09-cr-00129-001)
Honorable J. Curtis Joyner, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 28, 2019

BEFORE:  CHAGARES, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Filed: July 26, 2019)
_____

OPINION*
_____

GREENBERG, Circuit Judge.

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I. INTRODUCTION

This matter comes on before this Court on an appeal by defendant-appellant Nicholas Mason, challenging a sentence the District Court imposed on him on September 25, 2018, for a violation of the conditions of supervised release to which the Court had sentenced him earlier. Though Mason does not contend that the sentence from which he appeals was illegal, he does urge that the Court imposed the sentence in a procedurally flawed manner because it deprived him of his right of allocution at the sentencing as required by Rule 32.1 of the Federal Rules of Criminal Procedure. For the reasons we state below, we conclude that the Court did not deprive Mason of his allocution right and thus we will affirm the sentence.[1]

## II. FACTUAL BACKGROUND

In this opinion we rely on the essentially undisputed background facts that the parties proffered in their briefs. Mason was convicted in the District Court for felony possession of a firearm. The Court sentenced him to a 120-month custodial term to be followed by five years of supervised release. After he fully served his custodial sentence and the period of supervised release had started, he tested positive for the use of marijuana and cocaine within a few months, and accordingly violated the conditions of his supervised release. Consequently, the government charged him with violation of the conditions of his supervised release. The charge for the violation was resolved on a

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231, and 3583(e), and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

consensual basis when the Court ordered Mason to make a 60-day stay at a Residential Reentry Center as part of a modification of the condition of his supervised release. But the matter did not stay resolved because at the Center Mason threatened the director and was expelled, thus again violating the conditions of his supervised release.

Despite reservations from both the government and the probation officer, the District Court decided to give Mason a "last chance" to redeem himself, App. 30, and modified his supervised release to include nine months of home confinement for the second violation. The order restricted Mason to his residence "at all times except for employment, religious practice, counseling, medical appointments and for the care of his girlfriend (expecting mother)" for the duration of his home confinement. App. 36. Nevertheless, Mason was soon back in Court because he again violated the conditions of his supervised release, this time for lying to a probation officer and leaving his residence for unapproved purposes. In one instance, Mason claimed to be at his place of employment even though he had been suspended from the employment due to allegations that he had engaged in sexual harassment. Mason stipulated to having committed the lying violation, an offense that carried a Guidelines sentencing range of 8 to 14 months.

During the revocation hearing, the government asked for an above-Guidelines sentence of 36 months, on account of Mason's recidivism. The Court addressed Mason stating that:

> Mr. Mason, sir, you have the right of allocution, sir, the right to address this Court, to basically tell me anything that you want me to hear this morning before I impose sentence on you. What do you have to say for yourself?

3

App. 77-78. After the Court challenged the government on its request for an above-Guidelines sentence the Court asked Mason, "[n]ow tell me why I shouldn't give you a big hit as opposed to within the guideline range?" App. 79. The Court then essentially rejected Mason's arguments for leniency and imposed a 14-month custodial sentence on him at the upper end of the Guidelines range for this violation. Mason has appealed from that sentence.

## III. STANDARD OF REVIEW

Mason concedes that he did not raise his deprivation of the right to allocute argument in the District Court. Moreover, he acknowledges that the Court's alleged error is subject to plain-error review. See Fed. R. Crim. P. 52(b) ("Plain Error. A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). Indeed, in United States v. Adams, we specifically held that Supreme Court precedents "compelled [us] to arrive at the conclusion that [a] claim of error [under the right of allocution] is subject to Rule 52(b) plain error analysis" when the claim was not raised in the district court. 252 F.3d 276, 284 (3d Cir. 2001).

For there to be reversible plain error "there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Tai, 750 F.3d 309, 313-14 (3d Cir. 2014) (citing Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 1549 (1997)). "If [the first] three of these conditions are met, we 'ha[ve] [the] authority to' correct the District Court, 'but [we are] not required to do so,' because [the Supreme

4

Court] makes clear that we should exercise our discretion to correct the error only if it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Adams, 252 F.3d at 285 (quoting United States v. Olano, 507 U.S. 725, 735-36, 113 S.Ct. 1770, 1778-79 (1993)). "[I]n order for an error to 'affect substantial rights' under the third prong of the [plain-error] test, the error must have been 'prejudicial'—in other words, '[i]t must have affected the outcome of the district court proceedings.'" Adams, 252 F.3d at 285 (quoting Olano, 507 U.S. at 734, 113 S.Ct. at 1778).

## IV.   DISCUSSION

Federal Rule of Criminal Procedure 32.1(b)(2)(E) requires a court to provide defendants with "an opportunity to make a statement and present any information in mitigation" at a revocation hearing.  Although this rule is not as explicit as Federal Rule of Criminal Procedure 32(i)(4)(ii), which governs sentencing and commands a court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence[,]" we have held that the right of allocution as codified in Rule 32 dealing with sentencing after a conviction is fully extended to revocation hearings.  United States v. Plotts, 359 F.3d 247, 250 (3d Cir. 2004).

Though "the right of allocution is not constitutional, nonetheless it is ancient in origin, and it is the type of important safeguard that helps assure the fairness, and hence legitimacy, of the sentencing process."  Adams, 252 F.3d at 288 (citations omitted).  "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."  Id. at 280 (quoting Green v. United States,

5

365 U.S. 301, 304, 81 S.Ct. 653, 655 (1961)). "[A] defendant is automatically entitled to resentencing if the trial court violates the defendant's right of allocution[.]" Id. at 281.

Mason claims that the District Court violated his right of allocution because it impermissibly limited the scope of arguments that he wished to present to the Court in mitigation. He asserts that he wanted to argue that his violation of the conditions of supervised release was not serious, as the unaccounted-for times when he violated the conditions of his home confinement were for the purposes of visiting his girlfriend, which was permitted conduct under the Court's home confinement order. As such, he argues that he could have asked the Court to consider a sentence at the lower end of the Guidelines range or for a downward variance. Mason argues that but for the Court's procedure at the revocation hearing, he could have fully presented his allocution arguments and persuaded the Court to impose a lighter sentence.

Before we examine Mason's claim in detail, we first note that contrary to what he argues, we never have held that a district court could violate a defendant's right of allocution, even after explicitly and unquestionably addressing the defendant directly and affording him a full opportunity for allocution as the District Court did here. All of our precedents that Mason cites in which we found a violation of the right to allocution— Adams, Plotts, United States v. Chapman, 915 F.3d 139 (3d Cir. 2019), United States v. Moreno, 809 F.3d 766 (3d Cir. 2016), and United States v. Paladino, 769 F.3d 197 (3d Cir. 2014)—involved broad denials of a defendant's opportunity for allocution in the first

6

instance.[2]  While it would be an unusual case in which we hold that a district court erred because the allocution that it allowed might be characterized as "inadequate," we do not doubt that it would be possible for a district court to violate a defendant's right of allocution during a sentencing proceeding by confining the exercise of that right.  But Mason has not persuaded us that this is such a case.

Mason focuses on two arguments in claiming that the District Court violated his right of allocution.  First, he argues that the Court's statement—"[n]ow tell me why I shouldn't give you a big hit as opposed to within the guideline range[,]" App. 79— forbade him from arguing for a downward variance.  Second, he argues that the Court's questioning of him during his allocution prevented him from presenting his mitigating arguments, and, instead, forced him to defend himself against aggravating factors presented by the government and by the Court.

Mason characterizes the District Court's conduct during the proceeding out of context.  As we noted above, earlier in the revocation hearing, before Mason's allocution, the Court took issue with the government's request for an above-Guidelines sentence, and specifically challenged the government by asking, "[t]ell me why it's three years instead

---

[2] In Adams, the district court failed to address the defendant directly.  252 F.3d at 278.  In Chapman, the district court erroneously denied the defendant's request for a continuance in order to have his family present and provide mitigating testimony, even after the court found that the defendant was not at fault for not knowing the hearing date.  915 F.3d at 146.  In Moreno, we held the allocution to be improper because the district court allowed the prosecutor to cross-examine the defendant after his allocution.  809 F.3d at 778.  In Paladino and Plotts, the defendants were not offered an opportunity for allocution at all.  769 F.3d at 202; 359 F.3d at 248.  In each of these cases, it did not matter what arguments the defendants could have or did present to the district courts; the structural defects made the allocutions themselves, or the lack thereof, improper.

of within the guidelines or 14 months." App. 72. Indeed, the Court explicitly discounted the government's argument by asking, "[i]s there anything else that the defendant did other than tell lies? Because lying is a common occurrence with people on home confinement, is that correct, the ones that violate?" App. 54-55. The Court then directed the government to "put on some evidence about some other conduct, because what you're asking for is a significant sentence over and beyond the Sentencing Guidelines for a violation in the C category. And they gave that C category for one reason. It's not the worst offense that this individual can commit." App. 55.

Examining the totality of the circumstances, we do not read the Court's "big hit" statement to Mason during his allocution as prohibiting him from making an argument for a downward variance—it was worded in the exact same fashion as the Court's earlier question to the government, and the Court's statement served as a reminder to Mason of the arguments the government made that he might wish to address. This sort of back-and-forth banter is not unusual in an adversarial proceeding.

Mason, to support his argument that the Court made a reversible error when it made its "big hit" statement by violating his right to allocution, cites two cases from other courts of appeals, United States v. Mendoza-Lopez, 669 F.3d 1148 (10th Cir. 2012), abrogated on other grounds by United States v. Bustamante-Conchas, 850 F.3d 1130 (10th Cir. 2017), and United States v. Sarno, 73 F.3d 1470 (9th Cir. 1995), as authority. But we are not persuaded by either case. In fact, we do not find that Mendoza-Lopez supports Mason's claim. Mason focuses on Mendoza-Lopez's conclusion that "[t]he district court did plainly err, however, by inviting Mendoza–Lopez to address only

8

'where within [the Guidelines] range this Court should sentence.'" 669 F.3d at 1152. However, the district court in Mendoza-Lopez made that comment as part of its invitation to the defendant to make his allocution. Id. at 1150. Furthermore, Mendoza-Lopez also held that the district court's statement at the start of its invitation, "[i]t's the Court['s] intention to sentence within that Guideline range[,]" was not plain error. See id. at 1150, 1152. As such, Mendoza-Lopez was concerned with the unequivocal nature of the district court's statements when inviting the defendant to present his allocution, effectively limiting him to make only arguments in support of a within-Guidelines sentence.

Here, however, the District Court broadly invited Mason "to basically tell me anything that you want me to hear this morning before I impose sentence on you." App. 78. Moreover, its later "big hit" statement was more akin to the pronouncement of intention in Mendoza-Lopez as opposed to an unequivocal limitation on Mason's arguments. Finally, we point out that Mendoza-Lopez held that the court did not commit reversible error in allowing the allocution. 669 F.3d at 1153.

In Sarno, the Court of Appeals for the Ninth Circuit discussed the allocution issue in considerable detail but did not clearly articulate the standard for reversal on the basis that the district court infringed that right. See 73 F.3d at 1503-04. The court appears to hold that the district court committed reversible error because it somehow intimidated the defendant. See id. at 1503 ("We refuse to countenance such court-inspired reticence and therefore hold that the district court denied Mr. Nash his right of allocution."). Some defendants, of course, are intimidated simply by the circumstance of being in court.

9

Additionally, like the district court in <u>Mendoza-Lopez</u>, the district court in <u>Sarno</u> invited the defendant to show "what would be the appropriate sentence within that range[,]" <u>id</u>., a question which the District Court did not ask here. Finally, <u>Sarno</u> was based on a harmless-error analysis, not a plain-error analysis, <u>see id</u>. at 1503-04 ("The denial was not <u>harmless</u> because the district court had the discretion to sentence Mr. Nash to a shorter sentence." (emphasis added)), so it was a lesser burden of proof. In sum we are satisfied that neither <u>Mendoza-Lopez</u> nor <u>Sarno</u> is helpful to our analysis here.

We reject Mason's argument that the District Court's questioning of Mason impermissibly prevented him from making his arguments in support of mitigation. To begin, he cites to no authority holding that district courts are not permitted to question defendants during allocution. <u>Cf. United States v. Covington</u>, 681 F.3d 908, 910 (7th Cir. 2012) ("[A]n interruption by the court does not in itself amount to a denial of a defendant's right of allocution."); <u>United States v. Hubbard</u>, 721 F. App'x 102, 108 (3d Cir. 2018) (citing <u>Covington</u> to conclude that a district court could engage "in a substantive colloquy with [the defendant], seeking clarification on his explanations and exploring the veracity of his justifications for his conduct").

Moreover, contrary to Mason's contention, he was able to make his argument seeking mitigation. He represented to the District Court that (1) the conditions of home confinement were vague, (2) he only committed "85 percent" of the alleged violations, and (3) he used the unaccounted-for times to visit his pregnant girlfriend. <u>See</u> App. 77-82. Therefore, he was able to present the factual basis of his argument to the Court. Mason avers that the Court's questioning prevented him from making the argument that

10

his violation was not very serious, but the record directly contradicts this claim. After all, the Court asked him, "[s]o you're saying that your justification for a sentence is because you didn't commit more serious violations?" App. 80. It is clear that the Court understood Mason's argument. In sum, we conclude that the Court did not commit an error and limit Mason's allocution.

Inasmuch as the District Court did not commit any error in the proceeding and did not prejudice Mason with respect to the allocution at the sentencing, obviously the Court did not commit a plain error. Clearly, there was nothing unfair in the sentence that the Court imposed. In fact, Mason almost conceded this point when at the sentencing he said that "I expect jail time. I violated." App. 79. For the foregoing reasons, we will affirm the District Court's September 25, 2018 sentence.