FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GERARDO BENITEZ JIMENEZ, a/k/a
Gerardo Martinez-Jimenez, a/k/a Francisco
Romero-Marte, a/k/a Felipe Damien Ulloa,
a/k/a Javier Romero, a/k/a Antonio
Benetes, a/k/a Carlos Gonzales-Ulloa, a/k/a
Damien Virgen-Perez, a/k/a Carlos
Gonzalez-Ulloa, a/k/a Gerardo Benitez-
Jimenez,

    Defendant - Appellant.

No. 22-5017

_____

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 4:21-CR-00192-JFH-1)**

_____

Kathleen Shen, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with her on the brief), Denver, Colorado for Defendant – Appellant.

Thomas E. Duncombe, Assistant United States Attorney (Clinton J. Johnson, United States Attorney, with him on the brief), Tulsa, Oklahoma for Plaintiff – Appellee.

_____

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

_____

**BALDOCK**, Circuit Judge.

_____

A defendant's right to allocution at sentencing is one of the oldest and most important principles in our legal system. *Green v. United States*, 365 U.S. 301, 304 (1961); *United States v. Jarvi*, 537 F.3d 1256, 1261 (10th Cir. 2008). Allocution serves several critical functions in the sentencing process—it is a tool for providing information to the sentencing court, it encourages sentencing judges to show mercy in appropriate cases, and it strengthens the credibility of the criminal justice system by requiring sentencing judges "to personally engage" with those they sentence. *United States v. Bustamante-Conchas*, 850 F.3d 1130, 1136 (10th Cir. 2017) (en banc). Thus, Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) obligates district courts to "address the defendant in order to permit the defendant to speak or present any information to mitigate the sentence."

Here, we consider whether a district court violates that rule when the judge stops short of "definitively announcing" a defendant's sentence before allocution, but nonetheless implicitly limits the scope of allocution. Because reversing under such circumstances would represent an expansion of our existing precedents, a case on plain error review—such as this one—is not the appropriate occasion for us to broaden the application of our caselaw to new circumstances. Accordingly, we exercise jurisdiction under 28 U.S.C. § 1291 and **AFFIRM** the district court's judgment based on the standard of review.

## I.

Defendant Gerardo Benitez Jimenez is a habitual violator of immigration law. Between 1995 and the incident that has brought him before us, Defendant has illegally entered the United States from his native Mexico and been returned there on nine previous

2

occasions.[1] Despite this history, Defendant illegally returned to the United States yet again, and was convicted of heroin trafficking in Oklahoma state court. That conviction yielded an eight-year prison sentence, four of which were suspended. As a result of this charge, the Government discovered Defendant was present in the United States without status and issued an immigration detainer. Defendant completed his state sentence in April 2021 and was transferred to federal custody pursuant to his immigration detainer. The Government sought and obtained an indictment charging Defendant with one count of unlawfully reentering the United States as a removed alien in violation of 8 U.S.C. § 1326. Defendant pleaded guilty without a plea agreement and the case proceeded to sentencing.

The Probation Officer issued a presentence report (PSR) recommending an advisory guideline range of 46 to 57 months' imprisonment based upon an offense level of 17 and a criminal history category of V. Defendant filed two motions for a downward departure and another motion for a downward variance, each of which the Government opposed. At sentencing, the district court first adopted the PSR without objection and denied Defendant's motions for a downward departure. The district court then considered Defendant's motion for a downward variance. Defendant's counsel informed the district judge he had nothing further to add to his previous arguments on the 3553(a) factors but noted that he did "know that [Defendant] would like to address the court." The district judge responded that he would "give [Defendant] an opportunity to do that in a moment," but then asked the Government if it had anything further to add on the subject. When the

---

[1] Defendant has been removed from the United State on four occasions and voluntarily departed five other times.

Government indicated it did not wish to be heard, the district judge decided to rule on the motion for variance before affording Defendant the opportunity to allocute. The district judge explained that "[b]ased upon the information provided by the parties, I will not vary from the advisory guideline level as the factors fail to separate this defendant from the minerun [sic] of similarly situated defendants; therefore, defendant's motion at docket number 38 is denied." After making this statement, and explaining his rationale in greater detail, the district judge invited Defendant to allocute. Defendant apologized for his wrongdoing and promised he would not offend again. Apparently unpersuaded, the district judge sentenced Defendant to 57 months' imprisonment—the maximum under the guideline range.

On appeal, Defendant contends the district judge violated his right to allocution at sentencing. Defendant, however, failed to object to this alleged violation before the district court. Accordingly, we review Defendant's claim only for plain error. *Bustamante-Conchas*, 850 F.3d at 1137. "To demonstrate plain error, a litigant must show: '(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Mike*, 632 F.3d 686, 691–92 (10th Cir. 2011)).

II.

We begin by discussing the right of allocution and briefly surveying some of our previous treatments of the issue. Federal Rule of Criminal Procedure 32 "explicitly affords the defendant two rights." *Green*, 365 U.S. at 304. First, a defendant has the right "to make a statement [o]n his own behalf" and second, a defendant has the right "to present

any information in mitigation of punishment." *Id.* (internal quotation marks omitted).

These rights are personal to the defendant and cannot be satisfied by the statements of

counsel. *Bustamante-Conchas*, 850 F.3d at 1136. Consistent with these principles and the

right of allocution's long history—dating back to the 17th Century—we have held that "the

defendant has a broad right to 'present *any* information to mitigate the sentence.'" *Jarvi*,

537 F.3d at 1262 (emphasis in original) (quoting Fed. R. Crim. P. 32(i)(4)(A)(ii)). Thus,

our precedents cover a variety of scenarios where a district court violates the right of

allocution.

We start our survey with the clearest form of violation. As we recognized in

*Bustamante-Conchas*, the right of allocution is obviously and indefensibly violated when

the district court neglects it all together. We have never had difficulty concluding district

courts commit reversible error—even under a plain error standard of review—when they

fail to "personally address [the defendant] prior to imposing sentence or otherwise offer

him an opportunity to allocute." *Bustamante-Conchas*, 850 F.3d at 1134, 1135.

While a total denial of allocution serves as a clear, but perhaps extreme example of

a violation of Rule 32, the right is also violated when the district court clearly limits the

scope of material the defendant can discuss. For example, in *Jarvi*, we addressed a case

where a district court refused to consider the defendant's pro se motion objecting to the

PSR and then ordered the defendant not to discuss the pro se motion, or any arguments

based upon it, during allocution. 537 F.3d at 1258–59. We remanded the case for

resentencing and held the district judge's decision to *expressly* narrow the scope of matters

available to the defendant for discussion during allocution violated Rule 32 and the right

of allocution. *Id.* at 1261–62, 1264. In so doing, we emphasized that defendants have the right to discuss *any* matter of their choosing during allocution. *Id.*

Similarly, in *United States v. Mendoza-Lopez*, we considered several potentially problematic statements that the district court made during sentencing. 669 F.3d 1148 (10th Cir. 2012), *abrogated on other grounds by Bustamante-Conchas*, 850 F.3d 1130. One of the court's statements invited the defendant to allocute only on the issue of where within the guidelines range he ought to be sentenced. *Id.* at 1150, 1152. We concluded that statement satisfied the first two prongs of the plain error test because it "indicate[d] the court was not willing to listen to any statements or information [the defendant] might wish to offer in support of a sentence below the advisory Guidelines range." *Id.* at 1152. We ultimately declined to remand the case, however, based upon an understanding of the third and fourth prongs of plain error that no longer applies. *See id.* at 1153–54; *Bustamante-Conchas*, 850 F.3d 1130.

Perhaps most commonly, a district court violates the right of allocution when it "definitively announces" the sentence before it affords the defendant an opportunity to allocute. Our opinion in *United States v. Landeros-Lopez*, 615 F.3d 1260 (10th Cir. 2010), illustrates this point. In that case, the district judge announced that "*it is and will be* the judgment of this Court that the defendant . . . is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 115 months" *before* it afforded the defendant an opportunity to allocute. *Id.* at 1265 (emphasis in original). In vacating and remanding the case for resentencing, we explained district courts must effectively communicate to defendants that they have "a meaningful opportunity to influence the

6

sentence" through allocution. *Id.* at 1266 (quoting *United States v. Luepke*, 495 F.3d 443, 450 (7th Cir. 2007)). When district courts speak at sentencing with "highly conclusive language," the district court can ensure "the right of allocution is fulfilled only if the court communicates that it will 'genuinely reconsider the sentence in light of the elicited statement.'" *Id.* (quoting *Luepke*, 495 F.3d at 448). Accordingly, we cautioned district courts against "definitively announcing" sentences before allowing defendants to allocute and we reminded them that "a sentencing court undermines its own legitimacy when it invites a defendant to speak only after making clear that his sentence is a foregone conclusion." *Id.* at 1267, 1268 (citation omitted).

But this does not mean the right of allocution is completely unfettered. Instead, our cases also show some restrictions or limitations on the right of allocution do not constitute reversible error. For instance, a district court does not err when it announces its "intention" to impose a particular sentence on a defendant. *Mendoza-Lopez* is instructive here. In that case (in addition to the statements previously discussed) the district court informed the defendant of its "intention to sentence within th[e] Guideline range" recommended in the PSR before he had the opportunity to allocute. *Mendoza-Lopez*, 669 F.3d at 1150 (internal quotation marks omitted). On appeal, the defendant argued this statement ran afoul of *Landeros-Lopez*'s prohibition on "definitively announcing" sentences before allocution. *See id.* at 1150–52. We rejected that argument. Instead, we held "mere statement[s] of intention" were not "conclusive like those made in *Landeros-Lopez*" and that district courts could announce their intention to sentence a defendant in a particular manner without violating the right of allocution. *Id.* at 1152.

7

Likewise, in *United States v. Valdez-Aguirre*, we held that a district court had not erred by "interspersing some comments suggesting that the announced sentence was tentative with other comments suggesting finality" prior to allocution. 861 F.3d 1164, 1167, 1169 (10th Cir. 2017). In reaching this holding, we concluded that because the district court made "statements suggesting tentativeness" and because "the court ultimately offered the defendant a chance to allocute before the announcement of a 'final sentence,'" reversal under a plain error standard was not justified. *Id.* at 1170 (citation omitted).

In sum, we have recognized several instances where a district court violates a defendant's right to allocution. The common thread between those violations is clear or overt action by the district court. Under our controlling precedents, a violation of Rule 32 must be a total denial of allocution, an express limitation on allocution, or definitive statement of the sentence to be imposed for us to deem it reversible under plain error review.

### III.

Defendant essentially raises two arguments on appeal. First, he claims the district court violated his right to allocute when it announced its ruling on his motion for variance by stating "I will not vary from the advisory guideline level as the factors fail to separate this defendant from the minerun [sic] of similarly situated defendants." *See* Appellant's Br. at 8–9. The main thrust of this argument is that this statement "definitively announced" the sentence before Defendant's allocution. *See id.* Second, Defendant intimates an additional, related theory of error within the context of his first argument: He argues the district court's statement "clearly communicated to [him] that he would receive a guideline

sentence, thereby denying [him] the meaningful opportunity to argue for a variant sentence below the guidelines in his allocution." *Id.* at 10.  In other words, Defendant contends the district court's statement implicitly limited the scope of allocution by conveying to him that it would be futile to argue for a sentence below the guideline range during his allocution.  We address each of these theories in turn.

A.

We first consider Defendant's contention that the district court's statement "definitively announced" his sentence before he had the opportunity to allocute.  Defendant believes the district court's use of the words "*I will not vary from the advisory guideline level*" definitively informed him that he would receive a guideline sentence and therefore violated Rule 32 and his right to allocution.  *Id.* at 9 (emphasis in original).  We disagree.

Defendant's argument misunderstands our prohibition on district courts "definitively announcing" sentences before defendants allocute.  Defendant premises his argument on the notion that a district court's use of definitive language before allocution is sufficient to establish a rule 32 violation.  *Id.* at 8–10.  Our precedents make clear, however, that a district court's "definitive announcement" of a sentence is only reversible for plain error when it clearly and unambiguously communicates to the defendant the *specific* sentence he will receive before allocution.

Take *Landeros-Lopez*—the case where we first used the phrase "definitively announc[e]"—for example.  615 F.3d at 1268.  In that instance, we took issue with the district court's pre-allocution statement "*it is and will be* the sentence of this Court that Defendant . . . is hereby committed to be imprisoned for a term of 115 months" because

9

"[t]he court's conclusive statements effectively communicated to [the defendant] that his sentence had already been determined" before he had a chance to speak. *Landeros-Lopez*, 615 F.3d at 1265, 1268 (emphasis in original). Simply put, the district court's language was both definitive, demonstrating that it had made up its mind about the sentence, and clearly conveyed a specific sentence—115 months' incarceration—to the defendant. The district court's conduct therefore qualified as a "definitive announcement" of sentence before allocution.

Likewise, *United States v. Slinkard*—the other allocution opinion we issue today— also tracks this principle. In *Slinkard*, the district court clearly communicated its unwillingness to vary from the guideline range before it invited the defendant to allocute by stating:

> Based upon the information provided by the parties, I will not vary from the advisory guideline level as the factors fail to separate this defendant from the minerun [sic] of similarly situated defendants. The court finds that this defendant is a repeated and dangerous sex offender. There is no way in good conscience that I could ever allow this defendant to be among the public or near any child.

Slip Op. at 2–3. At first glance, this may appear similar to the district court's conduct here. *Slinkard*, however, contains a key distinguishing fact that explains the difference in outcomes between the two cases: The sentencing guideline range in *Slinkard* contained only one possible sentence—life imprisonment. *Id.* Thus, the district court's decision to use definitive language to communicate to the defendant that he would receive a guideline range sentence also clearly and unambiguously communicated to the defendant the specific sentence he would receive before allocution. *Id.* at 6–10.

10

We therefore ask the following question to resolve this issue: Did the district court clearly and unambiguously communicate the specific sentence it would impose to Defendant when it ruled on his motion for variance before his allocution? The answer to this question is clearly no. Unlike *Landeros-Lopez*, the district court did not specifically announce the number of months Defendant would serve in prison before he allocuted. Similarly, unlike *Slinkard*, the district court's statement "I will not vary from the advisory guideline level as the factors fail to separate this defendant from the minerun [sic] of similarly situated defendants"—issued while denying Defendant's motion for variance— *at most* conveyed to Defendant that he would be sentenced somewhere within a guideline range that contained more than one possible sentence. In this case, the applicable guideline range called for an eleven-month range within which Defendant could be sentenced. Accordingly, even if the district court's statement clearly conveyed to Defendant that he would receive a guideline range sentence—a fact we assume without deciding for the purposes of this analysis—it does not amount to the clear and unambiguous enunciation of a specific sentence. Therefore, the district court's statement cannot constitute a "definitive announcement" of sentence in violation of Rule 32 under our precedents and is not plain error.

B.

Now that we have disposed of Defendant's first—and primary—contention, we can proceed to the related question of whether the district court's statement impermissibly limited the scope of Defendant's allocution. Defendant asserts that he was denied "the meaningful opportunity to argue for a variant sentence below the guidelines in his

allocution" because the district court had already made clear that he would receive a sentence within the guideline range.  Appellant's Br. at 10.

This theory of error fundamentally depends on the inferences Defendant may have drawn from the district court's statement "I will not vary from the advisory guideline level as the factors fail to separate this defendant from the minerun [sic] of similarly situated defendants; therefore, defendant's motion at docket number 38 is denied."  We have previously acknowledged the utility of considering the possible inferences a defendant could draw from the district court's statements at sentencing when considering possible allocution violations.  *See Valdez-Aguirre*, 861 F.3d at 1168–69.  Based on Defendant's framing of the issue, we are concerned with two possible inferences from the district court's conduct.  First, Defendant could conclude that the district court's statement precluded him from arguing for a variant sentence entirely.  Second, Defendant could also conclude that he could not revisit the arguments raised in his motion during allocution.

As a threshold matter, we think sufficient support exists in the record to conclude that the district court's statement at least *implicitly* limited the scope of Defendant's allocution.  We specifically note that Defendant did not seek a variant sentence during his allocution and that Defendant's counsel acknowledged "the court's ruling regarding the motions for departure and variance" and sought a sentence at "the low end of the guidelines [range]" immediately following Defendant's allocution.  Thus, we think it reasonable to conclude the district court's statements may have discouraged Defendant from fully exercising his right to allocution.  For this reason, along with those we address in our discussion of our cases below, we will assume without deciding that Defendant can satisfy

the error prong of plain error review. Nevertheless, as we will also explain below, Defendant cannot show that any such error was plain.

We begin our analysis by noting that the first inference finds some support in *Mendoza-Lopez*. Specifically, there is a certain degree of conceptual overlap between the statement at issue here and the district court's statement in *Mendoza-Lopez* inviting that defendant to allocute on "where within [the Guidelines] range this Court should sentence" because both statements convey, to varying degrees, that "the court was not willing to listen to any statements or information [the defendant] might wish to offer in support of a sentence below the advisory Guidelines range." 669 F.3d at 1152 (first alteration in original). Nonetheless, an error is plain only when it is "contrary to well-settled law"— that is, it either runs afoul of the Supreme Court's precedents or our own. *United States v. Ruiz-Gea*, 340 F.3d 1181, 1187 (10th Cir. 2003) (citation omitted). The statement we consider here falls well below this standard. In contrast to the district court's statement in this case, the district court in *Mendoza-Lopez* affirmatively and expressly limited the scope of the defendant's allocution because it instructed him to only discuss where within the guideline range he should be sentenced. 669 F.3d at 1152. *Mendoza-Lopez* never went as far as to hold it was plain error for a district court to convey the same message implicitly. Thus, even if Defendant inferred that the district court's denial of his motion for variance precluded him from arguing for a variant sentence, the fact that the district court did not affirmatively prohibit him from doing so means there is no plain error under *Mendoza-Lopez*.

13

Similarly, we can compare the second inference to the facts of *Jarvi*, where the district court *expressly* limited the scope of allocution by ordering the defendant to not discuss his pro se motion objecting to the PSR.  537 F.3d at 1258–59, 1261–62.  Again, *Jarvi* did not address the issue of a district court limiting the scope of allocution by implication.  And in this case, the district court did not expressly inform Defendant that he could not discuss the arguments he presented in his motion for variance during his allocution.  Because neither cases nor those of the Supreme Court have held that implicit limitations on allocution are reversible, we cannot conclude that the district court's statement here constitutes plain error.

## IV.

In sum, we conclude the district court did not plainly err during Defendant's sentencing proceedings.  We note for future reference, however, that district courts would be well-advised to affirmatively inform defendants of the court's willingness to consider *any* argument they wish to present during allocution.[2]  *See* Fed. R. Crim. P. 32(i)(4)(A)(ii); *Landeros-Lopez*, 615 F.3d at 1266.  The judgment of the district court is **AFFIRMED**.

---

[2] Sentencing is one of the most difficult tasks district judges perform.  While each judge has their own style of sentencing, they are nevertheless obligated to ensure that they adhere to the requirements of the Federal Rules of Criminal Procedure and the precedents governing sentencing.  Judges will hopefully err on the side of explaining a defendant's right to allocution clearly and indicate their willingness to consider whatever they have to say in good faith.