FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRANDON MICHAEL ELWELL,

    Defendant - Appellant.

No. 23-1407
(D.C. No. 1:22-CR-00104-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

The district court sentenced Brandon Michael Elwell to 52 months'
imprisonment after he pleaded guilty to one count of possession of firearms and
ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). Mr. Elwell appeals.
He raises two arguments, which he states are for preservation purposes only.[1]

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] An unconditional guilty plea generally precludes a defendant from appealing
all but a limited set of issues. _See United States v. DeVaughn_, 694 F.3d 1141,
1145-46 (10th Cir. 2012). But the government can waive or forfeit that waiver by

First, Mr. Elwell contends that an inchoate "attempt" crime should not count as a crime of violence under United States Sentencing Guidelines Manual § 4B1.2(a) (U.S. Sent'g Comm'n 2021).  He contends that the court should use the framework set forth in *Kisor v. Wilkie*, 588 U.S. 558 (2019), to consider whether the commentary to § 4B1.2 impermissibly expands the text of the § 4B1.2(a) to cover "attempt" crimes.  This court, however, already has rejected using the *Kisor* framework to determine the deference to be given to Guideline commentary.  *See United States v. Maloid*, 71 F.4th 795, 798, 807-08 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 1035 (2024).  Recognizing that one panel of this court cannot overrule a prior decision of another panel, *see United States v. Harbin*, 56 F.4th 843, 846 n.2 (10th Cir. 2022), Mr. Elwell "acknowledges, as he must, that *Maloid* forecloses de novo review of that issue before this panel," Aplt. Opening Br. at 5.

Second, Mr. Elwell argues that § 922(g)(1) is unconstitutional, both facially and as applied to him, because it infringes the Second Amendment right to keep and bear arms.  He did not make these arguments in the district court, so we review only for plain error.  *United States v. Jimenez*, 61 F.4th 1281, 1285 (10th Cir. 2023).  "To demonstrate plain error, a litigant must show:  (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).

---

failing to argue it.  *See id.* at 1158.  Here, the government chose not to file a response brief, and therefore we need not consider waiver by virtue of the guilty plea.

In *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), this court determined that § 922(g)(1) does not violate the Second Amendment. We very recently concluded that *McCane* remains binding. *See Vincent v. Bondi*, 127 F.4th 1263, 1265-66 (10th Cir. 2025). In light of *Vincent*, we cannot conclude that the district court plainly erred by applying § 922(g)(1).

We affirm the district court's judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge